UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**RUDY CASTANEDA,**

   *Plaintiff*,

v.                                                                       No. SA-21-CV-0632-JKP

**MAXIM HEALTHCARE SERVICES, INC., a Maryland Corporation; and SOUTHWEST KEY PROGRAMS, INC., a Texas Corporation,**

   *Defendants*.

## MEMORANDUM OPINION AND ORDER

Before the Court is a *Motion for Relief from Judgment* (ECF No. 12) and a *Motion for Extension of Time* (ECF No. 13) filed pro se by Plaintiff Rudy Castaneda. By the first motion, Plaintiff seeks relief under Fed. R. Civ. P. 60(b)(1). Through the second motion, he seeks to extend the time for filing his notice of appeal.

On October 20, 2021, the Magistrate Judge issued a Report and Recommendation ("R&R") (ECF No. 7) recommending that the Court dismiss this action for Plaintiff's failure to state a non-frivolous claim upon which relief can be granted. The Court accepted that recommendation, see ECF No. 10, after considering Plaintiff's filed objections (ECF No. 9), and entered judgment (ECF No. 11) on January 11, 2022.

The Federal Rules of Appellate Procedure generally require an appellant to file an appeal within thirty days of the entry of judgment. *See* Fed. R. App. P. 4(a)(1)(A). But the filing of certain motions extends the time to appeal "from the entry of the order disposing of the last such remaining motion." *See* Fed. R. App. P. 4(a)(4)(A). Because Plaintiff filed his first motion within twenty-eight days of the entry of judgment, it extends the time for appeal whether the Court construes it

as filed pursuant to Rule 60(b)(1) as stated by Plaintiff, or 59(e) because he filed it withing twenty-eight days of the entry of judgment.

Based on the filing of the initial motion, the Court finds the motion for extension of time unnecessary and thus denies it. Turning to the initial motion, Plaintiff seeks relief from judgment on various grounds. He relies on Rule 60(b)(1), which provides for relieving a party "from a final judgment" on grounds of "mistake, inadvertence, surprise, or excusable neglect." However, "[w]hen a litigant files a motion seeking a change in judgment, courts typically determine the appropriate motion based on whether the litigant filed the motion within Rule 59(e)'s time limit." *Williams v. Thaler*, 602 F.3d 291, 303 (5th Cir. 2010) *abrogation on other grounds recognized by Thomas v. Lumpkin*, 995 F.3d 432, 440 (5th Cir. 2021) (cert. filed and docketed); *accord Harcon Barge Co. v. D & G Boat Rentals, Inc.*, 784 F.2d 665, 669 (5th Cir. 1986) (noting that "[a]ny motion that draws into question the correctness of a judgment is functionally a motion under Civil Rule 59(e), whatever its label").

Because Plaintiff filed his motion within twenty-eight days of the entry of judgment, the Court analyzes it under Rule 59(e). "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). The Fifth Circuit "has held that such a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Id.* at 478-79. A Rule 59(e) motion instead "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Id.* (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)).

Plaintiff's ten-page motion simply provides a litany of cases and their holdings and rehashes arguments that were or could have been made in response to the R&R issued in this case. But he provides no basis to obtain relief from judgment. He does not seek to present any newly

discovered evidence. Nor does he identify any manifest error of law or fact that is correctible through Rule 59(e). Accordingly, the Court denies his post-judgment motion.

For the foregoing reasons, the Court **DENIES** the *Motion for Relief from Judgment* (ECF No. 12) and **DENIES** the *Motion for Extension of Time* (ECF No. 13) filed pro se by Plaintiff Rudy Castaneda. Based upon Fed. R. App. P. 4(a)(4)(a), Plaintiff's time to appeal runs from the date of the entry of this Order.

**It is so ORDERED this 25th day of February 2022.**

*[Signature: Jason Pulliam]*
**JASON PULLIAM**
**UNITED STATES DISTRICT JUDGE**